## The City of Aledo, Appellee, v. Tri County Light and Power Company, Appellant.

### Gen. No. 5,910.

1. Injunction, § 190*—*sufficiency of bill to restrain electric power company from bringing electric current into city.* A bill to enjoin an electric light and power company from bringing electric current into the city from an outside source, *held* to allege with sufficient certainty that the company was about to do the act, where it alleged that the company had begun to construct power lines through the city and was proposing to conduct electric current from a plant outside the city.

2. Electricity, § 2*—*right of power company under its franchise to change its current system.* Under an ordinance granting an electric light and power company the right to install either "the three wire direct or the alternating system," the company after having elected to use the three wire direct current system is not entitled to change to the other system where a part of the citizens of the city have expended large sums of money to connect with that system, which would be lost if such change were made.

Appeal from the Circuit Court of Mercer county; the Hon. Frank D. Ramsay, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

CHURCH & CHURCH, for appellant.

GRAHAM & CARLSTROM, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

This is an appeal ·by the Tri County Light and Power Company from an order denying a motion to dissolve a temporary writ enjoining it from bringing electric current into the City of Aledo, appellee, and distributing it upon the streets, alleys and public grounds of the City; and also enjoining it from changing from a three wire direct current system to an alternating current system. It is claimed that the bill, on the face of which the injunction was granted, does not state with certainty that it was about to do the act complained of, and that under the ordinance in question appellant had a continuing option to use either system.

The ordinance of appellee authorized appellant's grantor "To erect, establish and maintain an electric light, heat and power plant in the City of Aledo, Illinois." Granted permission to "Enter upon and use the streets and avenues· within the said city for the erection of poles and other apparatus necessary to operate an electric light, heat, and power plant within the said City of Aledo;" and further provided "The three wire direct or the alternating system must be installed."

The bill was filed September 8, 1913, and alleges that appellant and its grantors had operated their electric light heat and power plant in said City ever since 1905; that the system originally installed was the three wire direct current that citizens of said City had invested money aggregating $50,000 in electric apparatus of various kinds only adapted to the three wire current electric system and incapable of use with

any other type of current; that such investment will be lost if the current is changed; that appellant has begun to construct power lines through said City without authority, installing large poles, cross-arms and other electrical fixtures and is proposing to conduct electrical current from a plant maintained at or near Mathersville, in Mercer county, through the City of Aledo, and is proposing to transmit into Aledo from said plant at Mathersville an alternating current at a voltage of 33,000 volts, highly dangerous to the lives of the inhabitants of the City and a danger to the property of its citizens and taxpayers.

Counsel discuss two questions: (1) Has appellant the right to bring current into the City from an outside source? (2) Has appellant a continuous option to change its system of electric current? As to the first, appellant concedes it has not the right, but says the bill is insufficient in its allegations that it was about to do so. We are of the opinion that the purpose of appellant to bring electric current from a point outside the City and distribute it within the City is stated with sufficient certainty, and therefore that the injunction was properly granted to restrain it from doing so.

As to the second question, there is much more difficulty. Counsel say there is no direct authority on the subject. Appellant relies on holdings that where a railroad company is authorized to use either one or the other of two specified motive powers, its adoption of one is not final, and it may subsequently change to the other. This seems to be settled law. *McCartney v. Chicago & E. R. Co.*, 112 Ill. 611; 33 Cyc. 381; *Howley v. Central Valley R. Co.*, 213 Pa. 36 (2 L. N. S. 138); and extensive note to the latter case in L. N. S.

Appellees rely on a line of authorities holding that where a railroad company has an option as to terminals it cannot change after once exercising the option without the consent of the granting power. This also

seems to be settled law. *Mills v. County of St. Clair,* 7 Ill. (2 Gilm.) 197; *Cairo, V. & C. Ry Co. v. Woodyard,* 226 Ill. 331; *People ex rel. Walker v. Louisville & N. R. Co.,* 120 Ill. 48. In the last cited case the Court said it was "In accordance with the ancient rule of common law, that 'If a man once determines his election it shall be determined forever.'"

Appellant's contention is that the City, in filing its bill to enjoin the change of system, is endeavoring to protect private rights, and many authorities are cited holding if a person is damaged by changes in public streets, etc., he has his remedy at law and equity will not interfere to prevent the injury by injunction, either at this instance or at the instance of the municipality. We are dealing, as said in *Mills v. County of St. Clair, supra,* "with a public grant to private persons, chiefly designed by the grantor for the benefit and accommodation of the public." Appellant is given the use of the streets, and the license to carry on his business in the City, for the mutual benefit of itself and the public and a part, probably a substantial part, of the benefit to the public contemplated was that the citizens of the City would individually at their own expense prepare to receive and use the commodity sold by appellant. In the absence of authority we are not prepared to hold that it is not within the province of the City to control appellant in its use of electric system after it has once elected to use one of two optional systems, and that part of the public for whose benefit the license was granted has expended large sums of money to connect with that system, that would be lost if it is changed. The situation seems to be quite as analogous to that of the change of railway terminals, after an option has been once exercised, as to the change of motive power by a railroad after it has once elected between two permissible powers.

The decree is affirmed.

*Affirmed.*